Batsle, J.
This bill has .been filed, by the administrator, with the will annexed of the testator, against the devisees and legatees, to obtain the adviee and direction of the Court in relation to his duties in the settlement of the estate. ' .
It has been'repeatedly declared by the Court that, upon such a bill, it will give no advice and direction upon any matter in which the executor is not interested as such. In the wild now before us the whole estate of the testator is given to the widow for life, with certain limitations among the testator’s brothers and sisters. The only '¿{uestiop asked by the administrator, with the will annexed, in which he is interested, is, whether the widow can be required to give a bond as a security lor the jrcr--sonal estate which site takes for life Only ; and it is clearly settled that she cannot. See Williams on Executors, 1198. Unless a case of danger can he éhown she can only he called upon to‘sign and .deliver to the executrix an inventory of the articles, admitting their receipt: expressing that she is entitled to them for life, and that after-wards they belong to the remaindermen. The assent of the executor to the legacy lor life will vest the interest in remaindermen ; which, they must take means to* protect, should they find that it is likely to,'be endangered by the act of the tenant for life. So, any questions which may arise between the remaindermen, as to their respective* rights in the property, must be settled in a suit among *109 themselves, as the executor will have no interest in it, and will not be allowed to meddle with it.
A decree may be- drawn in accordance with this opinion ; but the plaintiff must pay the costs, as there was no necessity for his bill.